## Rode Application

*Allen H. Smith,* for petitioner.

ATKINS, P. J., May 21, 1963.—Applicant herein filed an application with the court for appointment as a private detective pursuant to the Act of August 21, 1953, P. L. 1273, sec. 1, known as the Private Detective Act of 1953, 22 PS §11, et seq. After due advertisement the matter came on to be heard.

We are satisfied of the good character and reputation of applicant. However, we feel that there is an unsurmountable impediment to his appointment. Section 4 of the Act of 1953, supra, as amended by the Act of April 30, 1957, P. L. 98, provides, inter alia:

"Every such applicant shall establish, to the satisfaction of the court of quarter sessions and by at least two duly acknowledged certificates, that such applicant, if he be a person, or, in the case of a partnership, association, or corporation, at least one member of such partnership, association, or corporation, has been regularly employed as a detective, or shall have been a member of the United States government investigative service, a sheriff, a member of the Pennsylvania State Police, or a member of a city police department of a rank or grade higher than that of patrolman, for a period of not less than three years. . . ."

At the conclusion of the testimony we indicated to applicant's counsel that no evidence had been submitted to show that applicant had any of the experiences

detailed in the above-quoted portion of the act. He asked leave to file a brief on this question, and he has done so. His position is that although the testimony does not show that applicant has ever held any of the positions enumerated, that he has by virtue of his employment for a period of more than six years as Chief of Police for the Borough of Mt. Wolf, York County, Pa., satisfied this requirement. He argues that being the chief of police of the police department of the borough is the equivalent of having been a member of the police department of a city, and that being the chief of police of a borough entails more responsibility than would be required in the position next above that of a patrolman in a city police department. Unfortunately for applicant, the legislature made no provision for equivalent experience as a substitute for that of the enumerated requirement in the act.

Like counsel, we have found no decided cases which pass on the specific question. In Gardner Application, 6 D. & C. 2d 742, Judge Henninger held that part time employment by a detective agency did not satisfy the requirement of regular employment as a detective, and refused the application. The legislature has seen fit to set up specific requirements as prerequisites to qualification for a private detective license, and the court is bound by the legislative mandate.

On the question of equivalent experience, as pointed out, the legislature has said nothing substituting equivalent experience for qualifications listed. It has done so in numerous other situations. For instance, in section 4 of the Act of May 26, 1947 P. L. 318, 63 PS §9.4, in setting forth the educational requirements for accountants. Similarly in stating the requirements for architects and the Act of July 12, 1919, P. L. 933, sec. 7, 63 PS §22; also in the qualifications of chiropractors, Act of March 2, 1956, P. L. (1955) 1206, sec. 4, 63 PS §42.4; also in the qualifications for practical nurse

licensing, Act of March 2, 1956, P. L. (1955) 1211, sec. 5, 63 PS §655.

It is therefore our conclusion that applicant has failed to meet the requirements set forth by the legislature, and that we cannot substitute some other experience for the requirements stated by the legislature, and therefore we are compelled to enter this

### Order

And now, to wit, May 21, 1963, it is ordered, adjudged and decreed the application of Donald G. Rode for a license as a private detective be and is hereby denied. An exception is granted to the applicant.